UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cr-00239-HEA |
| ) | |
| PIERRE PHENIX, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Pierre Phenix's second pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 75]. For the reasons stated, the motion will be denied.

**BACKGROUND**

On July 29, 2021, Phenix entered a plea of guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in accordance with a plea agreement. [Docs. 36, 37, 68]. He was sentenced to a term of 120 months imprisonment on January 5, 2022. [Docs. 53, 60]. Subsequently, he has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, a Motion for Reduction [of Sentence], and the instant motion. [Docs. 62, 64, 75]. He argues that his conviction under § 922(g)(1) violates his Second Amendment right to bear arms in each motion. His prior motion for reduction of sentence was denied on January 28, 2025. [Doc. 72]. His § 2255 motion, which involves additional issues, remains pending in *Phenix v. United States*, case no. 4:22-cv-

00825-HEA (E.D. Mo.).

## DISCUSSION

A court may reduce a final sentence only under the very limited circumstances set forth in 18 U.S.C. § 3582(c). As relevant herein, a court may grant a sentence reduction, if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 identifies the circumstances that may qualify as extraordinary and compelling reasons warranting a sentence reduction. That list includes: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse while incarcerated; (5) other circumstances similar in gravity to circumstances (1)-(4); and (6) defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment.[1] *See* U.S.S.G. § 1B1.13 (effective Nov. 1, 2023).

Before filing a § 3582(c)(1)(A) motion, a defendant is required to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A defendant bears the burden to establish that a sentence

---

[1] Section 1B1.13 sets forth well-defined criteria for each circumstance.

2

reduction is warranted under § 3582(c)(1)(A).  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Although Phenix alleges he submitted two documents to the Warden at FCC Beaumont regarding his request for a sentence reduction, he did not attach a copy of the documents to his motion which might establish exhaustion of administrative remedies.  This alone is grounds to deny the motion.  That said, even if Phenix exhausted his administrative remedies, there is no basis for the relief sought.  His claim that his conviction under § 922(g) violates his Second Amendment rights does not fall within any of the circumstances that constitute extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence, [Doc. 75], is **DENIED**.

Dated this 4th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE